UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| DANIEL S. PATE, #12350 ) | |
| ) | |
| v. ) | NO. 2:08-CV-136 |
| ) | |
| STATE OF TENNESSEE ) | |

**MEMORANDUM OPINION**

*Pro se* prisoner Daniel S. Pate brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of his confinement under Carter County, Tennessee convictions for vandalism over $500 and for seven counts of forgery. For these offenses, he received two years imprisonment. His sole claim for relief is that he has completed his sentence since he has "done at least 8 months past my serve out time on these charges." His petition indicates that he has a three-year sentence set consecutively to his two-year term. The respondent will not be required to file an answer and, for the reasons discussed below, this case will be dismissed.

It is true that detaining or confining a prisoner past the expiration of his maximum sentence may well violate the Constitution. *See, e.g., Sample v. Diecks*, 885 F.2d 1099 (3rd Cir. 1989). However, it is also true that under the rules governing habeas petitions, it must be clear on the face of a petition that a petitioner has

exhausted his state remedies, or that there is an absence of state corrective process, or that circumstances exist that render such process ineffective to protect a petitioner's rights. 28 U.S.C.§ 2254(b)(1)(A) and (B); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that a state prisoner must completely exhaust all his federal claims by fully and fairly presenting them to the state court before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir.1994). Absent unusual or exceptional circumstances, a district court should dismiss a § 2254 petition if it contains unexhausted claims. *O'Guinn v. Dutton,* 88 F.3d 1409, 1412 (6th Cir. 1996).

In this case, petitioner does not indicate that he has ever presented his claim to the state court. Nor has he alleged any unusual or exceptional circumstances warranting review of his habeas corpus petition. Nor are any such circumstances apparent from the record.

Therefore, since petitioner has not exhausted his available state remedies, *see* 28 U.S.C. § 2254(b) and(c), his habeas corpus application will be dismissed *sua sponte* without prejudice. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.") (citations omitted); *accord, Allen v. Perini*, 424 F.2d 134, 141 (6th

2

Cir.) (federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer), *cert. denied*, 400 U.S. 906 (1970).

A separate order will enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
